# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

_____ Division

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 24 2023 ★
LONG ISLAND OFFICE

JAMES ESPERTO

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

SUFFOLK COUNTY DETARTMENT OF SOCIAL SERVICES

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. CV23 5578
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☑ No

CHEN, J.

WICKS, M.J.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | JAMES ESPERTO |
   | Street Address | 193 MELVILLE ROAD |
   | City and County | SOUTH HUNTINGTON, SUFFOLK |
   | State and Zip Code | NEW YORK 11746 |
   | Telephone Number | 631-271-2485 |
   | E-mail Address | |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES
- Job or Title (if known):
- Street Address: 3085 VETERANS MEMORIAL HIGHWAY
- City and County: RONKONKOMA, SUFFOLK
- State and Zip Code: NEW YORK 11779
- Telephone Number: (631) 854-9930
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number: -
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number: -
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | SUFFOLK COUNTY CHILD SUPPORT ENFORCEMENT BUREAU |
| Street Address | 3055 VETERANS MEMORIAL HIGHWAY |
| City and County | RONKONKOMA, SUFFOLK |
| State and Zip Code | NEW YORK 11779 |
| Telephone Number | (631) 854-3300 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [✔] Termination of my employment.
- [ ] Failure to promote me.
- [✔] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [ ] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
JULY 18, 2017

C. I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [✔] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [✔] disability or perceived disability *(specify disability)*
  KNEE/ACL SURGERY

E. The facts of my case are as follows. Attach additional pages if needed.

SEE ADDITIONAL PAGE, ATTACHMENT 1

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
ONLINE OCTOBER 24, 2017

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 04/25/2023 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests the Court enter a judgement in his favor for the following;
1. An award of damages of $31,273.20 for loss of wages from 7/17/2017 through 3/16/2020, the COVID-19 layoff.
2. An award of damages to be determined by the Court for all non-monetary damages, including, but not limited to, compensation for his mental anguish and emotional distress, depression, embarrassment, stress and anxiety, and loss of self-esteem and self-confidence.
3. The defendant to delete reference to the negative action in Plaintiff's personnel file.
4. An award of costs and if any, attorney fees.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/24/23

Signature of Plaintiff

Printed Name of Plaintiff    JAMES ESPERTO

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## III. STATEMENT OF CLAIM

### E. The facts of my case are as follows:

Attachment 1

Mrs. Higgins was made aware of upcoming knee surgery prior to being interviewed or hired for the position. Mrs. Higgins was aware of necessary recovery period, as well as necessary full leg brace to be worn after surgical completion. Mrs. Higgins proceeded with the interview and recommended I be hired for the position. My start date was 4/17/2017. My surgery was 5/18/2017. I returned to work on 5/31/2017 in a full leg brace. My mother, who is also an employee, met with Mrs. Higgins prior to my return and was told the only restriction I had regarding the leg brace was that I was not able to wear shorts under the brace because it was against dress code policy. At a later date, Mrs. Higgins informed my mother I was performing very well. In fact, I was doing so well, Mrs. Higgins wanted to move me to work on a special project which would be setting up a special ROBO call list via data entry. She further told my mother she wanted this change for me because I was so smart and wanted me to use my brain while I performed my work. I told my mother that same day, my supervisor, Mrs. Perras-D'Alessio, also told me Mrs. Higgins would be transferring me soon to work on another project. Instead, out of the blue, I arrived at work at 8:00 AM on 7/18/2017 and was fired. I was completely stunned! When I asked why, my supervisor, Mrs. Perras-D'Alessio, said it was because I was still having difficulty bending my knee. Mrs. Perras-D'Alessio further stated it was not her recommendation nor did she type the termination memo. I do not believe this was true.

Since I was hired, I sat at a desk doing computer entry work. Even after knee surgery, while in a full leg brace, I still performed my job sitting at my desk with my leg elevated. I was on time every shift. Bending my knee is irrelevant to my duties. Not to mention, Mrs. Higgins was well aware of the surgery prior to hiring me. I was well liked by everyone in the department in which I was assigned. People should not be fired because of knee surgery. I believe Mrs. Higgins and Mrs. Perras-D'Alessio used my surgery to discriminate against me as there were no other grounds for my termination.

**U.S. Department of Justice**

Civil Rights Division

---

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

April 25, 2023

**VIA EMAIL: jesperto88@yahoo.com**

James M. Esperto
193 Melville Road
South Huntington, NY  11746

Re:  EEOC Charge Against:    Suffolk County Dept. of Social Services
     EEOC No.:                520-2018-01343

Dear Mr. Esperto:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice (the Department) will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).  This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq., against the above-named respondent.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience.  If you are unable to find an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).



If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Timothy Riera
Acting District Director
New York District Office
U.S. Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, NY 10004

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case. Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division

BY: *Amanda Maisels*
Amanda Maisels
Deputy Chief
Disability Rights Section

Enclosures:
Notice of Rights under the ADAAA

cc:   Suffolk County Dept. of Social Services
      EEOC- New York District Office



2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Status Line: (866) 408-8075
New York Direct Dial: (212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625
Website: www.eeoc.gov

James Esperto
193 Melville Road
South Huntington NY 11746

Charging Party

Dennis M. Brown
H. Lee Dennison Bldg.
100 Veterans Memorial Highway
Hauppauge NY 11788

Respondent

Re: James Esperto v. SUFFOLK COUNTY DEPT OF SOCIAL SERVICES
    Charge 520-2018-01343

The U.S. Equal Employment Opportunity Commission ("Commission") has determined that efforts to conciliate the above referenced Charge of Discrimination ("Charge") as required by the Americans with Disabilities Act of 1990 as amended, have been unsuccessful.

This letter constitutes the notice required by §1601.25 of the Commission's Procedural Regulations which provides that the Commission shall notify a respondent in writing when it determines that further conciliation would be futile or non-productive.

No further efforts to conciliate this case will be made. At this time, this matter will be forwarded to the Department of Justice for litigation review.

On Behalf of the Commission

7/8/2019

Date

Kevin Berry
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620

## DETERMINATION

**Charge Nos.: 520-2018-01343**

**Charging Party**
James Esperto
193 Melville Road
South Huntington, NY 11746

**Respondents**
Suffolk County Dept Of Social Services
3455 Veterans Memorial Hwy
Ronkonkoma, NY 11779

**Respondent Legal Representative**
Dennis M. Brown
H. Lee Dennison Bldg.
100 Veterans Memorial Highway
Hauppauge, NY 11788

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended (ADAAA). Respondent, Suffolk County Department of Social Services, is an employer within the meaning of the Americans with Disabilities Act of 1990, as amended, (ADAAA). All requirements for coverage have been met.

Charging Party was hired by Respondent Suffolk County Dept Of Social Services as a Temporary Part-time Clerk Typist, starting his duties on April 17, 2017. Respondent was made aware that Charging Party would be undergoing knee surgery approximately one month after starting his duties and would be wearing a brace during a period of recovery afterwards. After some time, Charging Party learned that he would be transferred. Additionally, Charging Party was asked to work in the file room in addition to his clerical duties. He mentioned to a co-worker that it was still difficult to bend his knee which was not an issue when working at this desk. The essential function of his job apparently kept him at his desk where his recovering condition could be accommodated by raising his leg off the floor. Charging Party states that he received good feedback from his supervisor and, as a result, was considered for work on a special project. Charging Party was discharged on July 18, 2017.

Respondent dismisses Charging Party's complaint as untimely. Respondent also denies discriminating against Charging Party on the basis of disability. According to Respondent, Charging Party was not regarded as being disabled. Respondent considered the Charging Party's impairment to be transitory and minor, an impairment, but not one that meets ADAAA statutes. Furthermore, Respondent contends that Charging Party had only temporary employment status.

The Commission's investigation reveals: That Charging Party's condition was/is defined as a disability by the statute. The evidence as a whole indicates that Charging Party would not have needed to attempt to engage further in the interactive process to secure any potentially necessary reasonable accommodation since he was hired by Respondent with the full knowledge that he would be having knee surgery and accommodation would be necessary upon his return to work. Although the Charging Party was hired in a temporary/seasonal position, according to the Respondent, the twenty weeks timeframe ought to have ended in early September rather than in mid-July.

Based on the evidence, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Party on account of his disability.

This determination is final. The Americans with Disabilities Act, as amended, requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the Americans with Disabilities Act and the Commission's Procedural Regulations. The confidentiality provisions of Section 107 of the ADAAA and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

_____  
Kevin Berry, District Director

6/12/19  
Date

**Suffolk County Child Support Enforcement Bureau**

# Memo

To:     James Esperto
From:   Sandra Perras-D'Alessio
Date:   July 18, 2017
Re:     Employment

---

As a result of your inability to perform the duties assigned, your position at Suffolk County DSS/CSEB is terminated.